# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7064 PA (RAOx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | United African-Asian Abilities Club, et al. v. Robert B. Oliver, Trustee, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **IN CHAMBERS**

On January 17, 2023 the Clerk entered the defaults of defendants Robert B. Oliver, Trustee and Anna E. Oliver, Trustee ("Defendants"). (Docket Nos. 17–18.) The Court then ordered plaintiffs United African-American Abilities Club and Anna Marie Wiggins (collectively, "Plaintiffs") to file a motion for default judgment or other appropriate dispositive motion on or before February 17, 2023. (Docket No. 20.) The Court warned that "[f]ailure to file said dispositive motion by February 17, 2023, will result in dismissal without further notice by the Court." (Id.) On February 16, 2023, Plaintiffs filed a Notice of Settlement, informing the Court that "all the parties to this action have settled this matter." (Docket No. 21.) Then, on February 17, 2023, the Court issued an Order stating that "[t]he parties have ten (10) days from the date of this order . . . to file with the Court a dismissal of the action or to appear, in-person or telephonically with their clients, to place the settlement on the record." (Docket No. 22.) The Court further warned that "[i]f the parties do not dismiss the action or do not place the settlement on the record, the matter will remain on the Court's active trial calendar with all pretrial and trial dates in effect." (Id.)

To date, the parties have not placed the settlement on record and Plaintiffs have not filed a dismissal of the action. The deadline by which Plaintiffs were ordered to file a motion for default judgment has also passed.

The Court may dismiss with prejudice an action sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7064 PA (RAOx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | United African-Asian Abilities Club, et al. v. Robert B. Oliver, Trustee, et al. | | |

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. The third Henderson factor of prejudice to the Defendants is neutral, as continued pendency of a case alone is insufficient to find prejudice. See Yourish, 191 F.3d at 991.

In considering the fourth and fifth Henderson factors, the Court notes that the parties were warned about the consequences of failing to dismiss the action or failing to place the settlement on the record. Plaintiffs were also warned that failure to file a motion for default judgment or other dispositive motion by February 17, 2023, would "result in dismissal without further notice by the Court." (Docket No. 20.) Nevertheless, the parties have not placed the settlement on record, dismissed the action, and Plaintiffs have not filed a motion for default judgment or other dispositive motion. It therefore appears that Plaintiffs have abandoned efforts to prosecute this action and failed to comply with this Court's Order. (See id.) Additionally, the Court intends to dismiss the claims against Defendants without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that the Henderson factors weigh in favor of dismissing this action. Accordingly, the Court dismisses Plaintiffs' action without prejudice for lack of prosecution and for failure to comply with a Court Order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.